(23)
2-6-
Sc

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE WILLIAMS and :
DORIS WILLIAMS, :
            Plaintiffs :     CV-01-1169
     :
v. :     (Judge Kane)
     :
LAMOURE BUILDING :
MATERIALS AND SUPPLY, :
INC., :
            Defendants :     **JURY TRIAL DEMANDED**

**FILED**
HARRISBURG, PA

FEB 0 5 2002

MARY E. D'ANDREA, CLERK
Per _____

## EXHIBITS FOR BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Respectfully submitted,
RHOADS & SINON LLP

By: _____
David B. Dowling
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff

Dated: February 5, 2002

A

David B. Dowling, Esquire
Attorney I.D. No. 25452
Kimberly L. Snell-Zarcone, Esquire
Attorney I.D. No. 85713
RHOADS & SINON LLP
One South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731
Attorneys for Plaintiffs

| | |
|---|---|
| CLARENCE WILLIAMS and DORIS WILLIAMS | : IN THE COURT OF COMMON PLEAS OF : DAUPHIN COUNTY, PENNSYLVANIA |
| Plaintiffs | : |
| | : CIVIL ACTION LAW |
| v. | : NO. 1462 S 2001 |
| | : |
| LAMOURE BUILDING MATERIAL & SUPPLY, INC. | : : |
| Defendant | : JURY TRIAL DEMANDED |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT LAMOURE BUILDING MATERIAL & SUPPLY, INC.

TO:    Lamoure Building Material & Supply, Inc.
c/o Timothy J. McMahon, Esquire
100 Pine Street
P.O. Box 803
Harrisburg, Pennsylvania 17108

PLEASE TAKE NOTICE that you are hereby required, pursuant to Pennsylvania Rules of Civil Procedure No. 4001, et seq. to serve upon the undersigned a copy of your answers and objections, if any, in writing and under oath, to the following Interrogatories within thirty (30) days after service of the Interrogatories. These answers shall be inserted in the spaces provided. If there is insufficient space to answer an Interrogatory, the remainder of the answer shall follow on a supplemental sheet.

These Interrogatories shall be deemed to be continuing Interrogatories. If between the time of filing your answers and the time of trial of this matter, you, or anyone acting on your behalf learn of further information not contained in your answers, or if you learn that any information set forth in your answers is or has become inaccurate or incorrect, you shall promptly file and serve supplemental answers.

389705.1

# DEFINITIONS

The following definitions are applicable to these standard interrogatories:

"You" and "Your" refers to the entity to which these Interrogatories are addressed and on whose behalf the response is being made. In the event that you are a corporation, the term is intended to refer to each and any department, division, office, agency, or affiliate thereof, and to any successor or predecessor firm(s) or corporation(s) and any parent corporation(s) or holding company(ies) with which the corporation is associated. The term is also intended to refer to any other corporate business entity with which the corporation has merged or consolidated, and to include present and former officers, directors, agents, employees, and all other persons, firms, or corporations acting or purporting to act on behalf of the corporation.

"Document" refers to any material or medium on which or by which "information" (see definition of the term "information") is recorded, including papers, photographs, moving pictures, videotape, and any method or medium by which "information" is utilized by computers.

"Identify" or "Identity" means when used in reference to --

    (1)    A natural person, his or her:

        (a)    full name; and

        (b)    present or last known residence and employment address (including street name and number, city or town, and state or county);

    (2)    A document:

        (a)    its description (e.g., letter, memorandum, report, etc.), title, and date;

        (b)    its subject matter;

        (c)    its author's identity;

        (d)    its addressee's identity;

        (e)    its present location; and

        (f)    its custodian's identity;

    (3)    An oral communication:

        (a)    its date;

(b)     the place where it occurred;

(c)     its substance;

(d)     the identity of the person who made the communication;

(e)     the identity of each person to whom such communication was made; and

(f)     the identity of each person who was present when such communication was made;

(4)     A corporate entity:

(a)     its full corporate name;

(b)     its date and place of incorporation, if known; and

(c)     its present address and telephone number;

(5)     any other context: a description with sufficient particularity that the thing may thereafter be specified and recognized, including relevant dates and places, and the identification of relevant people, entities, and documents.

## STANDARD INSTRUCTIONS

The following instructions are applicable to these standard interrogatories:

(1)     Duty to answer. -- The interrogatories are to be answered in writing, verified, and served upon the undersigned within 30 days of their service on you. Objections must be signed by the attorney making them; In your answers, you must furnish such information as is available to you, your employees, representatives, agents, and attorneys. Your answers must be supplemented and amended as required by the Pennsylvania Rules of Civil Procedure.

(2)     Claim of privilege. -- With respect to any claim of privilege or immunity from discovery, you must identify the privilege or immunity asserted and provide sufficient information to substantiate the claim.

(3)     Option to produce documents. -- In lieu of identifying documents in response to these interrogatories, you may provide copies of such documents with appropriate references to the corresponding interrogatories.

## INTERROGATORIES

1.    Identify each person who participated in furnishing any information with respect to these interrogatories and state the number and subpart of the interrogatory for which each person furnished information.

    A.    Please describe in detail all documents reviewed or information which was available to you and used to answer these interrogatories.

    ANSWER:

   2.     Please state your full name, date and state of incorporation or if not a corporation, your type of business organization.

   ANSWER:

3.      Please list all states in which you are registered as a foreign corporation doing business in that state.

ANSWER:

4.    State the number of vehicles owned or leased by you in 1999 and 2000.

ANSWER:

5.      State the number of vehicle trips to Pennsylvania in 1999 and 2000.

ANSWER:

6.      State the number of vehicles registered in Pennsylvania in 1999 and 2000.

ANSWER:

7.     State the number of drivers licensed in Pennsylvania in 1999 and 2000.

ANSWER:

8.    State the number of deliveries and pick-ups you made in Pennsylvania in 1999 and 2000.

ANSWER:

9.    State the total amount of revenue generated by deliveries and pick-ups in Pennsylvania in 1999 and 2000.

ANSWER:

10.    State the percentage of revenue generated by deliveries and pick-ups in Pennsylvania in 1999 and 2000.

ANSWER:

11.    State the geographic location(s) where you made deliveries and pick-ups in Pennsylvania in 1999 and 2000.

ANSWER:

12.     State the number of miles you drove in Pennsylvania in 1999 and 2000.

ANSWER:

13.     State the total number of miles you drove in 1999 and 2000.

ANSWER:

14.    State the number of gallons of gasoline you purchased in Pennsylvania in 1999 and 2000.

ANSWER

15.     State the total number of gallons of gasoline you purchased in 1999 and 2000.

ANSWER:

16.     State the number of advertisements you placed in Pennsylvania in 1999 and 2000.

ANSWER:

17.    State the number and location of any offices you maintained in Pennsylvania in 1999 and 2000.

ANSWER:

18.     State the amount of taxes paid in Pennsylvania in 1999 and 2000.

ANSWER:


Respectfully submitted,

RHOADS & SINON LLP

By: _____
David B. Dowling, Esquire
Kimberly L. Snell-Zarcone, Esquire
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this _14th_ day of _June_, 2001, a true and correct copy of the foregoing Plaintiffs' First Set of Interrogatories Directed to Defendant Lamoure Building Material & Supply, Inc. was served by means of United States mail, first class, postage prepaid, upon the following:

Timothy J. McMahon, Esquire
100 Pine Street
P.O. Box 803
Harrisburg, PA 17108

04929-00101

Exh B

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE WILLIAMS AND    :
DORIS WILLIAMS,          :
          Plaintiffs    :
                    :
      v.              :         CIVIL ACTION NO.:
                    :
LAMOURE BUILDING         :
MATERIALS AND SUPPLY, INC., :
          Defendant     :         JURY TRIAL DEMANDED

---

IN THE COURT OF COMMON PLEAS
DAUPHIN COUNTY, PENNSYLVANIA

CLARENCE WILLIAMS AND    :
DORIS WILLIAMS,          :
          Plaintiffs    :
                    :
      v.              :         CIVIL ACTION NO.: 1462-S-2001
                    :
LAMOURE BUILDING         :
MATERIALS AND SUPPLY, INC., :
          Defendant     :         JURY TRIAL DEMANDED

## ANSWERS TO PLAINTIFFS' INTERROGATORIES

1.    Leroy Alber and counsel for Defendant.  Defendant has reviewed its business records, seeking information potentially responsive to these Interrogatories.

2.    Lamoure Building & Supply, Inc., a North Dakota Corporation incorporated in 1975.

3.    None.

4.    Two.

5.    As the Defendant understands this Interrogatory, there were no vehicle trips to Pennsylvania in 1999, and there were three stops in Pennsylvania in 2000.

6.    None.

7.    None.

8.    None in 1999.  Three in 2000.

9.    As Defendant understands the Interrogatory, none.

10.    As Defendant understands the Interrogatory, none.

11.    Answering Defendant has made diligent efforts to obtain information responsive to this interrogatory, but at this time has none.  Answering Defendant will continue to search for such information and will provide same if it is discovered.

12.    838 miles in 1999.  1,544 miles in 2000.

13.    137,491 fleet miles in 1999. 109,092 in 2000.

14.    None.

15.    None.

16.    None.

17.    None.

18.    As answering Defendant understands this interrogatory, none.

Respectfully submitted,
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
Timothy J. McMahon, Esquire
100 Pine Street - 4th Fl.
P.O. Box 803
Harrisburg, PA  17108-0803
I.D. 52918
(717) 232-9323

2

Attorney for Defendant,
Lamoure Building Materials & Supply, Inc.

DATE:

\05_A\LIAB\TJM\LLPG\73323\SXV\04929\00101

# VERIFICATION

I, Leroy Alber, for Lemoure Building Materials & Supply, Inc., Defendant in the above matter, verify that the facts set forth in the ANSWERS TO PLAINTIFFS' INTERROGATORIES, are true to the best of my knowledge, information and belief. If the above statements are not true, the deponent is subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

LEROY ALBER

DATE: 7-12-2001

05_A\L\AB\TJM\LLPG\70955\SXV\04929150\000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE WILLIAMS AND :
DORIS WILLIAMS, :
   Plaintiffs :
    :
 v.   :  NO.: 1:CV-01-1169
   :  (JUDGE KANE)
LAMOURE BUILDING :
MATERIALS AND SUPPLY, INC., :
   Defendant :  JURY TRIAL DEMANDED

## **CERTIFICATE OF SERVICE**

  I, Shonu V. McEchron, of Marshall, Dennehey, Warner, Coleman & Goggin, do hereby

certify that on this _16_ day of July, 2001, served a copy of the foregoing document via First

Class United States mail, postage prepaid as follows:

TO:
**David Dowling, Esquire**
Rhoades & Sinon, LLP
1 S. Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146

           _____
           SHONU V. MCECHRON

\05_A\LIAB\TJM\LLPG\70901\SXV\04929\00101

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE WILLIAMS AND            :
DORIS WILLIAMS,                   :
          Plaintiffs       :
                       :
     v.                          :    CIVIL ACTION NO.:
                       :
LAMOURE BUILDING                 :
MATERIALS AND SUPPLY, INC., :
          Defendant        :    JURY TRIAL DEMANDED

IN THE COURT OF COMMON PLEAS
DAUPHIN COUNTY, PENNSYLVANIA

CLARENCE WILLIAMS AND            :
DORIS WILLIAMS,                   :
          Plaintiffs       :
                       :
     v.                          :    CIVIL ACTION NO.: 1462-S-2001
                       :
LAMOURE BUILDING                 :
MATERIALS AND SUPPLY, INC., :
          Defendant        :    JURY TRIAL DEMANDED

## ANSWERS TO PLAINTIFFS' INTERROGATORIES

1.    Leroy Alber and counsel for Defendant.  Defendant has reviewed its business records, seeking information potentially responsive to these Interrogatories.

2.    Lamoure Building & Supply, Inc., a North Dakota Corporation incorporated in 1975.

3.    None.

4.    Two.

5.      As the Defendant understands this Interrogatory, there were no vehicle trips to Pennsylvania in 1999, and there were three stops in Pennsylvania in 2000.

6.      None.

7.      None.

8.      None in 1999.  Three in 2000.

9.      As Defendant understands the Interrogatory, none.

10.      As Defendant understands the Interrogatory, none.

11.      Answering Defendant has made diligent efforts to obtain information responsive to this interrogatory, but at this time has none.  Answering Defendant will continue to search for such information and will provide same if it is discovered.

12.      838 miles in 1999.  1,544 miles in 2000.

13.      137,491 fleet miles in 1999. 109,092 in 2000.

14.      None.

15.      None.

16.      None.

17.      None.

18.      As answering Defendant understands this interrogatory, none.


                    Respectfully submitted,
                    MARSHALL, DENNEHEY, WARNER,
                    COLEMAN & GOGGIN

                    BY: _____
                    Timothy J. McMahon, Esquire
                    100 Pine Street - 4th Fl.
                    P.O. Box 803
                    Harrisburg, PA  17108-0803
                    I.D. 52918
                    (717) 232-9323

2

Attorney for Defendant,
Lamoure Building Materials & Supply, Inc.

DATE:

\05_A\LIAB\TJM\LLPG\73323\SXV\04929\00101

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE WILLIAMS AND | : | |
| DORIS WILLIAMS, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | NO.: 1:CV-01-1169 |
| | : | (JUDGE KANE) |
| LAMOURE BUILDING | : | |
| MATERIALS AND SUPPLY, INC., | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Shonu V. McEchron, of Marshall, Dennehey, Warner, Coleman & Goggin, do hereby certify that on this _16_ day of July, 2001, served a copy of the foregoing document via First Class United States mail, postage prepaid as follows:

TO:
**David Dowling, Esquire**
Rhoades & Sinon, LLP
1 S. Market Square
P.O. Box 1146
Harrisburg, PA  17108-1146

_____
SHONU V. MCECHRON

\05_A\LIAB\TJM\LLPG\70901\SXV\04929\00101

*Exh C*

# AFFIDAVIT OF CAROLYN M. HOFECKER

COMMONWEALTH OF PENNSYLVANIA          :

                                                SS

COUNTY OF DAUPHIN                                      :

       Personally appeared before me, a Notary Public, in and for said Commonwealth and County, CAROLYN HOFECKER, who being duly sworn according to law, deposes and says that the following facts are true and correct based upon his/her best knowledge, information and belief, and would so state if called as a witness at trial.

       1.     That the undersigned is a secretary for the law firm of Rhoads & Sinon LLP, One South Market Square, 12th Floor, Harrisburg, PA 17101.

       2.     That on or about February 9, 2001 the undersigned telephoned La Moure Building Material Inc. at (701) 883-5223.

       3.     That the undersigned inquired whether La Moure Building Material Inc. made deliveries to Pennsylvania.

       4.     That the gentleman who answered the phone stated,

       (a)     that La Moure Building Material Inc. "delivered to Pennsylvania lots of times,"

(b)     that the fee for delivery of building materials to Pennsylvania was $1.20

per mile.

Carolyn Hfeeler

Sworn to and subscribed before me this

10 day of *September*, 2001:

NOTARY PUBLIC

> NOTARIAL SEAL
> CYNTHIA L. ZUCARO, Notary Public
> City of Harrisburg, Dauphin County
> My Commission Expires May 15, 2005

MY COMMISSION EXPIRES:

(SEAL)

*Exh D*

David B. Dowling, Esquire
Attorney I.D. No. 25452
Kimberly L. Snell-Zarcone, Esquire
Attorney I. D. No. 85713
RHOADS & SINON LLP
One South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731
Attorneys for Plaintiffs

| | | |
|---|---|---|
| CLARENCE WILLIAMS, and | : | IN THE COURT OF COMMON PLEAS OF |
| DORIS WILLIAMS | : | DAUPHIN COUNTY, PENNSYLVANIA |
|         Plaintiffs | : | |
| | : | CIVIL ACTION LAW |
|    v. | : | NO. |
| | : | |
| LAMOURE BUILDING MATERIALS | : | |
| & SUPPLY, INC. | : | |
|         Defendant | : | JURY TRIAL DEMANDED |

## REQUEST FOR ADMISSIONS

Pursuant to Pa.R.C.P. 4014, Plaintiffs, Clarence Williams and Doris Williams, by their undersigned attorneys, hereby request that Defendant, Lamoure Building Materials & Supply, Inc., make the following admissions within thirty (30) days after service, for the purposes of this action only and subject to all pertinent objections as to relevancy which may be interposed at the trial of this case.

## INSTRUCTIONS

1.    These requests for admissions are directed to the Defendant, its officers, employees, agents, servants, assigns, representatives, past and present, and unless privilege is claimed, each and every attorney, past and present, of each and every such individual or entity.

2.     These requests for admissions encompass all information, documents and records that are in the possession, control, or custody of Defendant or any of its officers, employees, agents, servants, attorneys and assigns.

3.     If any objections are made to any request for admissions the reasons therefore shall be stated.

4.     If there is any claim of privilege relating to any request to admit, you shall set forth fully the basis for the claim of privilege, including the facts upon which you rely to support the claim of privilege in sufficient detail to permit the court to rule on the propriety of the privilege.

5.     If your response to any request is not an unqualified admission, your answer shall specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

6.     A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you should specify so much of it as is true and qualify or deny the remainder.

7.     You may not give lack of information or knowledge as a reason for failure to admit or deny, unless you state that you have made reasonable inquiry and that the information known to you or readily obtainable by you is insufficient to enable you to admit or deny.

8.     These requests for admissions are continuous in nature and must be supplemented promptly if Defendant obtains or learns further or different information between the date of the response and the time of trial by which Defendant knows that a previous response was incorrect when made, or though correct when made, is then no longer true.

9.     Unless otherwise indicated, the time period to which these requests for admissions are directed is from on or about June 12, 1999 through the present.

## DEFINITIONS

1.     Terms "you", and "your", as used herein, mean Lamoure Building Materials & Supply, Inc. and each of their respective officers, directors, employees, present and former agents, successors, predecessors, assigns, affiliates and each person acting, or authorized to act, or purporting to be authorized to act, on behalf of each of them including, without limitation, attorneys and/or accountants.

2.     The term "Defendant" as used herein shall mean Lamoure Building Materials & Supply, Inc.

3.     The terms "and" and "or", as used herein, shall be construed to be conjunctively or disjunctively as required to include within the scope of each discovery request any information which might be excluded by the opposite construction.

4.     The term "document(s)," as used herein, shall mean the original and all copies of any written, printed, typed or other graphic matter of any kind or nature, and any other tangible thing in your possession, custody, or control, wherever located.  Any copy containing thereon or having attached thereto any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition.  The term "document(s)" includes, but is not limited to:

    a.     All contracts, agreements, letter agreements, representations, warranties, certificates, licenses, permits, letters of intent and opinions;

b.    All letters, e-mails or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages, and other messages, including reports, notes, notations and memoranda of or relating to telephone conversations for conferences;

c.    All memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations, and opinions or reports of consultants;

d.    All desk calendars, appointment books, and diaries;

e.    All minutes, records, or transcripts of meetings or conferences, and lists of persons attending meetings and conferences;

f.    All reports and summaries of interviews and negotiations;

g.    All books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions, and manuals;

h.    All motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilms, photographs, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, printouts, and other data compilations from which information can be obtained; and

i.    Drafts of any document, revisions of drafts of any documents, and original and/or preliminary notes.

## REQUESTS

1.    On June 12, 1999 a vehicle owned by Leroy Alber was involved in a collision on Westbound Interstate 80 at milepost 7 in Colona Township, Henry County, Illinois.

**RESPONSE:**

2.    The vehicle involved in the above-mentioned accident was insured by Tri-State

Insurance of Bismark North Dakota, policy number 080000086981.

**RESPONSE:**

3.    At the time of the collision, the vehicle involved was being driven by Steve A.

Risser.

**RESPONSE:**

4.    On June 12, 1999, at the time of the collision at issue in this case, Steve A. Risser was an employee of Lamoure Building Material & Supply, Inc. and was acting within the scope of his employment.

**RESPONSE:**

Respectfully submitted,

RHOADS & SINON LLP

By: _____

David. B. Dowling, Esquire
Kimberly L. Snell-Zarcone, Esquire
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2001, a true and correct copy of the foregoing Request for Admissions was served by means of United States mail, first class, postage prepaid, upon the following:

Lamoure Building Material & Supply, Inc.
P.O. Box 335
Lamoure, ND 58458

_____
Carolyn Hofecker

*Exh E*

## IN THE COURT OF COMMON PLEAS
## DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE WILLIAMS AND | : | |
| DORIS WILLIAMS, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: 1462-S-2001 |
| | : | |
| LAMOURE BUILDING | : | |
| MATERIALS AND SUPPLY, INC., | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSION

Objection.  Defendant objects generally to these Requests for Admission to the extent that Defendant, Lamoure Building Materials & Supply, Inc., is not or may not be subject to personal jurisdiction in Pennsylvania and Defendant does not intend expressly or otherwise to waive or limit its rights and/or abilities to challenge jurisdiction and/or venue in this action..

Subject to and without waiver of the foregoing objection, Defendant responds to Plaintiffs' Requests for Admission as follows:

1.      Admitted upon information and belief.

2.      Denied as stated.  To the contrary, the vehicle, a 1987 Kenworth bearing vehicle identification number 1XKADB9X1HS34802, was insured by Everest Insurance Company under policy number 0800000086-991.

3.      Admitted.

4.      Admitted.

1

Respectfully submitted,
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
Timothy J. McMahon, Esquire
100 Pine Street - 4th Fl.
P.O. Box 803
Harrisburg, PA  17108-0803
I.D. 52918
(717) 232-9323
Attorney for Defendant,
Lamoure Building Materials & Supply, Inc.

DATE: May 11, 2001

\05_A\LIAB\TJM\LLPG\70940\SXV\04929\50000

## VERIFICATION

I, Leroy Alber, for Lemoure Building Materials & Supply, Inc., Defendant in the above matter, verify that the facts set forth in the RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSION, are true to the best of my knowledge, information and belief. If the above statements are not true, the deponent is subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

_LeRoy Alber_
LEROY ALBER

DATE: 5 - 10 - 2001

\05_A\LIAB\TJM\LLPG\70955\SXV\04929\50000

IN THE COURT OF COMMON PLEAS
DAUPHIN COUNTY, PENNSYLVANIA

CLARENCE WILLIAMS AND          :
DORIS WILLIAMS,                :
        Plaintiffs     :
                    :
                    :
      v.                   :          CIVIL ACTION NO.: 1462-S-2001
                    :
LAMOURE BUILDING               :
MATERIALS AND SUPPLY, INC.,    :
        Defendant      :          JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

    I, Angela C. Sanger, an employee of Marshall, Dennehey, Warner, Coleman & Goggin,

do hereby certify that on this 11th day of May, 2001, served a copy of the foregoing Response

to Plaintiffs' Request for Admission via Certified First Class United States mail, postage prepaid,

and via hand-delivery, as follows:

David Dowling, Esquire
RHOADS & SINON, LLP
1 S. Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146


                            _____
                            Angela C. Sanger

## CERTIFICATE OF SERVICE

I hereby certify that on this _5th_ day of February, 2002, a true and correct copy of the foregoing **Exhibits to Brief in Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction** was served by means of United States mail, first class, postage prepaid, upon the following:

Timothy J. McMahon, Esquire
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
4002 Crums Mill Road, Suite B
Harrisburg, PA  17110
(717) 651-3505
Counsel for Defendant

Cynthia L. Zucaro