IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE WILLIAMS AND :
DORIS WILLIAMS, :
       Plaintiffs :
        :
v. : NO.: 1:CV-01-1169
        : (JUDGE KANE)
LAMOURE BUILDING :
MATERIALS AND SUPPLY, INC., :
       Defendant : JURY TRIAL DEMANDED

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

I. PROCEDURAL HISTORY

Plaintiffs had originally commenced an action against Defendant, Lamoure Building Materials & Supply, Inc., in the Court of Common Pleas of Dauphin County, Pennsylvania by filing a Praecipe for a Writ of Summons on March 29, 2001. Plaintiffs thereafter filed their Complaint on May 31, 2001. Defendant, on June 27, 2001, timely filed a Notice of Removal. On July 13, 2001, Plaintiffs filed a Motion to Remand. Defendant filed a Motion to Dismiss the Complaint for lack of personal jurisdiction on July 16, 2001. Defendant filed a Memorandum in support of its Motion to Dismiss on July 26, 2001 and on July 31, 2001, filed a Brief in Opposition to Plaintiffs' Motion for Remand. Plaintiffs thereafter filed on August 10, 2001 a Motion to Stay Defendants' Motion to Dismiss, along with a Brief in Support of that Motion. Also, on August 10, 2001, Plaintiffs filed a Reply Brief in Support of their Motion to Remand. On August 23, 2001, Defendant filed its Brief in Opposition to Plaintiffs' Motion to Stay Defendant's Motion to Dismiss.

1

This Court in its Order of August 31, 2001 denied Plaintiffs' Motion to Stay and directed that Plaintiffs shall file a Response to Defendant's Motion to Dismiss within ten (10) days. Plaintiffs thereafter filed a "Reply" to Defendant's Motion to Dismiss.

Thereafter, the Court in its Order of January 22, 2002, granted in part and denied in part Plaintiffs' Motion to Remand. In its Order of January 22, 2002, the Court again directed that Plaintiffs file within five (5) days a Brief in Opposition to Defendant's Motion to Dismiss.

Thereafter, on or about January 31, 2002, Plaintiffs filed a Brief in Opposition to Defendant's Motion to Dismiss. Counsel for Defendant received a copy of the Brief <u>without</u> Exhibits on January 31, 2002. On February 6, 2002, Defendant received the Exhibits to Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss. Accordingly, Defendant now submits this Reply Brief in support of its Rule 12 Motion to Dismiss for lack of personal jurisdiction.

## II. STATEMENT OF FACT

Defendant submits that there are no disputed facts pertinent to the legal issue raised by Defendant in its Rule 12 Motion to Dismiss. This litigation involves a motor vehicle accident, which is alleged to have occurred on June 12, 1999 in Henry County, Illinois. Plaintiff and her husband, Clarence Williams have timely commenced an action in Henry County Illinois against Defendant and its former employee, Steven Risser. Plaintiff was a passenger in one of the vehicles involved in that accident. Defendant owned another vehicle involved in that accident and that vehicle was operated by Steve Risser. Mr. Risser is <u>not</u> a party to this action.

Plaintiff alleges that Defendant is vicariously liable for the alleged negligence of its agent, Mr. Risser, whom Plaintiff contends caused the accident, giving rise to this action.

2

Because Defendant has a pending Motion to Dismiss, Defendant has not yet been obligated to file an Answer with Affirmative Defenses to Plaintiffs' Complaint. However, and purely for the purposes of this factual background, Defendant submits that all allegations of negligence as set forth in Plaintiff's Complaint, would be denied in the event that an Answer is or will be required of Defendant.

Defendant is a North Dakota corporation with its principal place of business in Lamoure, North Dakota. Upon information and belief, Plaintiff, Doris Williams, is a resident of Pennsylvania.

Following the submission by Defendant of Defendant's Motion to Dismiss, Plaintiff had served certain Interrogatories addressed to Defendant in this action. Plaintiff has attached those Interrogatories as Exhibit "A" to Plaintiff's Reply Brief. Attached as Exhibit "B" to Plaintiff's Reply Brief are Defendant's verified Responses which were served July 16, 2001. These Interrogatories plainly demonstrate that Lamoure Building Material Supply, Inc. is a North Dakota corporation (See, Interrogatory No. 1); that it is not registered to do business as a foreign corporation in any other states (See, Interrogatory No. 3); that in 1999 and 2000, it owned or leased two (2) motor vehicles (See Interrogatory No. 4); and that in 1999, it made no vehicle trips to Pennsylvania whatsoever and that in 2000, it made but three (3) stops in Pennsylvania (See Interrogatory No. 5).

The Interrogatories further demonstrate that in 1999 and 2000, Lamoure had no vehicles registered in Pennsylvania, nor did it have any drivers working for it licensed by Pennsylvania (See, Interrogatories 6 and 7).

Lamoure generated no revenue whatsoever by virtue of deliveries and/or pick-ups in Pennsylvania in 1999 (See, Interrogatories 9 and 10).

3

Plaintiffs had inquired about the number of miles that Lamoure's vehicles had driven in Pennsylvania in 1999 and 2000. In response to this Interrogatory, Lamoure has stated that in 1999, it drove 838 miles in Pennsylvania (out of a total of 137,491 fleet miles) and that in year 2000, it drove 1,544 miles out of a total of 109,092 miles. Thus, Lamoure, a commercial trucking company based in North Dakota, owned in 1999 a vehicle or vehicles which cursorily passed through Pennsylvania, only in an amount less than 1% of the total mileage covered by Lamoure's vehicle or vehicles that year. In 2000, Lamoure's vehicle or vehicles traveled in Pennsylvania approximately 1.5% of the total mileage covered by Lamoure's vehicle or vehicles that year. (See, Interrogatories 11 and 12).

Lamoure has further stated in its Interrogatory answers that it purchased no gasoline in Pennsylvania in either 1999 or 2000 (Interrogatory No. 14); that it placed no advertisements in Pennsylvania in either 1999 or 2000 (See, Interrogatory No. 16) and that it maintained no offices whatsoever in Pennsylvania in 1999 or 2000. (See, Interrogatory No. 17). Finally, Lamoure has stated in response to Plaintiff's Interrogatory that it paid no gasoline taxes in Pennsylvania in either 1999 or 2000. (See, Interrogatory 18).

Plaintiff has attached as Exhibit "C" to her Reply Brief in Opposition to Defendant's Motion to Dismiss, an Affidavit of Caroline M. Hofecker. (See, Exhibit "C" to Plaintiff's Reply Brief). It would appear upon the face of the Affidavit that Ms. Hofecker is a secretary at the law firm of Rhoads & Sinon, Plaintiff's counsel in this action. Ms. Hofecker indicates that in February, 2001, she telephoned Lamoure Building Material, Inc. to inquire "whether Lamoure made deliveries to Pennsylvania." Ms. Hofecker, in her Affidavit, goes on to attest that an unidentified "gentleman" who answered the telephone, purportedly stated that Lamoure

4

"delivered to Pennsylvania lots of times." Ms. Hofecker in her Affidavit also indicates that this "gentleman" advised that "the fee for delivery of building materials to Pennsylvania was $1.20 per mile."

No further material information is offered in Ms. Hofecker's Affidavit, other than as quoted above. Notably, there is no information in the Hofecker Affidavit which suggests that Lamoure made deliveries to Pennsylvania in 1999 nor to controvert Lamoure's verified Interrogatory Answer that but three (3) deliveries were made in 2000.

Lamoure had submitted an Affidavit in support of its Motion to Dismiss which Affidavit is Exhibit "A" to Defendant's Motion to Dismiss. That Affidavit is made by Leroy Albert, who has clearly identified himself as the sole shareholder of Lamoure Building Materials & Supply, Inc., attested to the fact that Lamoure's principal place of business is in Lamoure, North Dakota, that his business is incorporated under the laws of North Dakota and has never been incorporated in any other state and that Lamoure Building Materials & Supply, Inc. does not now and did not at the time of the accident own or maintain any property, phone number, office or mailing address in the Commonwealth of Pennsylvania. (See, Exhibit "A" to Defendant's Motion to Dismiss). Mr. Albert has also attested to the fact that service of process in this action was accomplished in North Dakota and that neither he nor any other agent of Lamoure Building Materials & Supply, Inc. has either agreed or consented to the jurisdiction of this Court upon it. (See, Exhibit "A"). Mr. Albert has also attested to the fact that Lamoure Building Materials & Supply, Inc. did not have substantial connections with Pennsylvania to make the exercise of jurisdiction over it reasonable in this action (See, Exhibit "A").

5

III. QUESTION PRESENTED

**WHETHER THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA CAN CONSTITUTIONALLY EXERCISE PERSONAL JURISDICTION OVER DEFENDANT, LAMOURE BUILDING MATERIALS & SUPPLY, INC. IN THIS ACTION?**

[Suggested Answer: No.]

IV. LEGAL ARGUMENT

Defendant, Lamoure incorporates herein without repetition those arguments set forth in its Memorandum of Law filed in support of its Motion to Dismiss. There is no dispute that the only basis upon which personal jurisdiction might be exercised over Defendant is through Pennsylvania's long-arm statute, 42 Pa.C.S.A. §5301. Where a defendant has challenged the existence of personal jurisdiction, the burden is upon the plaintiff to establish with reasonable particularity the sufficiency of defendant's contacts with the forum state. Gehling v. St. George's School of Medicine, Ltd., 773 F.2d 539, 542 (3d Cir. 1985). In her Brief in Opposition to Plaintiff's Motion to Dismiss, Plaintiff has conclusorily stated that this Court can exercise personal jurisdiction over Defendant because Defendant carries on a continuous and systematic part of its general business within the Commonwealth of Pennsylvania. This assertion has not been and cannot be supported by the evidence offered of record in this matter. Indeed, the contrary is true. Defendant's Answers to Plaintiff's Interrogatories plainly demonstrate that Lamoure has had at most insubstantial and *de minimus* contacts with Pennsylvania. Lamoure has plainly demonstrated that in 1999 it made no pick-ups or deliveries in Pennsylvania whatsoever. This evidence is presented in the form of verified Responses to Plaintiffs' Interrogatories. Those Interrogatory responses have been verified by Leroy Albert, the sole shareholder of Lamoure Building Materials & Supply, Inc. Those Interrogatory answers unequivocally demonstrate that

6

Lamoure's contacts with Pennsylvania were neither purposeful, systematic, continuous, deliberate or material. Instead, those extremely limited contacts were merely incidental, insubstantial, and but a tiny fraction of Lamoure's overall business activities.

Plaintiffs in their Reply Brief has offered the Affidavit of Caroline Hofecker to support the contention that Defendant has conducted systematic and continuous business within the Commonwealth of Pennsylvania. The Hofecker Affidavit fails to support this broad proposition. Indeed, the Hofecker Affidavit refers to and is based upon a conversation that took place in February of 2001, which conversation was apparently conducted with an unknown and unidentified individual.

Instead, Ms. Hofecker's Affidavit appears to reflect nothing more than a presumably brief conversation without the merest hint of Ms. Hofecker's reason or reasons for making the inquiry described in her Affidavit as having been disclosed to whatever individual with whom she had spoken. Because the individual is not identified, Defendant is unable to determine whether that individual has any relationship whatsoever with Defendant. Unlike Defendant's verified Answers to Plaintiffs' Interrogatories which are clearly the best evidence regarding the nature, infrequency and magnitude of Defendant's contacts with Pennsylvania, the Hofecker Affidavit appears to suggest that someone answering a telephone call in February of 2001 and likely in response to the suggestion that a potential customer was calling in order to obtain information regarding Lamoure's delivery fees, engaged in some salesmanship by providing the caller with a response agreeable to the inquiry. Such purported evidence is patently insufficient to support the proposition that Defendant has had regular, systematic and/or continuous contacts with Pennsylvania. Neither does it establish that Defendant has conducted regular, systematic and/or

continuous business within the Commonwealth of Pennsylvania. Defendant's Answers to Plaintiff's Interrogatories clearly and unequivocally demonstrate that the opposite is true.

Plaintiff in her Reply Brief has suggested that the facts presented in this action are analogous to that presented in Gulentz v. Wayne A. Fosdick, 320 Pa. Super. 38, 466 A.2d 1049 (1983). Defendant cannot agree with this proposition. In Gulentz, supra., the Court indeed held that the trucking company defendant therein had purposefully availed itself of the privilege of conducting business within the forum state, namely Pennsylvania. However, the facts presented in this case are substantially different from those presented in Gulentz. The motor vehicle accident at issue in that case had occurred on June 5, 1980. Plaintiff therein had served interrogatories seeking to establish that the defendant trucking company had carried on a continuous and systematic part of its general business within Pennsylvania. In answer to those interrogatories, the defendant trucking company therein responded and indicated that in that year, 1980, $735,000 of its gross receipts were attributable to its trucking activities in Pennsylvania and that its vehicles had traveled 2.6 million miles in 1980 on Pennsylvania's highways and had purchased 556,000 gallons of fuel in Pennsylvania, having paid $63,238 in fuel taxes.

In the instant matter, Lamoure's Answers to Plaintiff's Interrogatories clearly show that it purchased no gasoline nor paid any taxes in Pennsylvania during the relevant time-frame and that its vehicle(s), during that relevant time-frame, traveled on Pennsylvania highways but a tiny fraction of the total mileage covered by Lamoure's vehicles during those years. With these facts, it cannot be said that Lamoure has purposefully availed itself for the privilege of conducting business within the Commonwealth of Pennsylvania and, accordingly, personal jurisdiction may not properly be exercised over Defendant in this action. As the Court in Gulentz, supra., observed when, given:

8

> ...the fact that [Defendant's] trucks drove over 2 ½ million miles in Pennsylvania in 1980 and purchased over a half million gallons of fuel in Pennsylvania on which substantial taxes were paid....[made it] unrealistic to conclude that the appellee did not have a continuous and systematic business presence in Pennsylvania in 1980 or that its activities were not substantial. Gulentz, 466 A2d at 1055.

Indeed, the facts presented in this action are much more analogous to those considered and compared by the Pennsylvania Superior Court in Gulentz, as presented in Mobay Chemical Corporation v. Air Products & Chemicals, Inc., 290 Pa. Super. 489, 434 A.2d 1250 (1981). In Mobay Chemical, the Court held that defendant therein did not have sufficient contacts with Pennsylvania during the relevant time-frame to constitute a continuous and systematic part of its business, accordingly, there was no basis for *in personam* jurisdiction. The facts in Mobay Chemical involved an explosion which occurred in West Virginia in 1978. Focusing upon the period 1973 through 1976, the Court observed that defendant therein had shipped 27 valves repaired by it in West Virginia to customers in Pennsylvania and that such contacts were insufficient to form the basis for the exercise of personal jurisdiction. Contrary to the assertions set forth in Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss, the facts in this action are much more closely akin to those considered by the Pennsylvania Superior Court in Mobay Chemical, supra., than those in Gulentz, supra. Lamoure has not had sufficient contacts with or in Pennsylvania for personal jurisdiction to be properly exercised through the Pennsylvania Long Arm Statute.

For all of the foregoing reasons, together with those set forth in Defendant's Motion to Dismiss and Memorandum of Law filed in support of that Motion, Defendant, Lamoure Building Materials & Supply, Inc., submits that Plaintiff has failed to meet her burden of establishing that Defendant conducted continuous, regular and/or systematic business within the Commonwealth of Pennsylvania during the relevant time-frame, sufficient to justify the exercise of personal

jurisdiction over Lamoure Building Materials & Supply, Inc. in this action. Accordingly, Defendant, Lamoure Building Materials & Supply, Inc., respectfully requests that this Honorable Court grant its Motion to Dismiss the Complaint against it. Plaintiff, Doris Williams, will then be able to proceed to pursue her claims against Lamoure Building Materials & Supply, Inc. in that action pending in Henry County, Illinois where this cause of action indisputably arose.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

DATE: Feb. 8, 2002   BY: _____
TIMOTHY J. McMAHON, ESQ.
S.Ct. I.D. 52918
4200 Crums Mill Road, Suite B
Harrisburg, PA 17112

**ATTORNEYS FOR DEFENDANT**

\05_A\LIAB\TJM\LJ.PG\88921\RKN\04929\00101

10

## CERTIFICATE OF SERVICE

I, Cheryl A. Garofalo, of Marshall, Dennehey, Warner, Coleman & Goggin, do hereby certify that on this _____ day of February, 2002, served a copy of the foregoing document via First Class United States mail, postage prepaid as follows:

David Dowling, Esquire
Rhoades & Sinon, LLP
1 S. Market Square
PO Box 1146
Harrisburg, PA 17108-1146

_____
CHERYL A. GAROFALO