IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARENCE WILLIAMS and DORIS WILLIAMS, Plaintiffs, | CIVIL ACTION NO. 1:CV-01-1169 |
| v. | (Judge Kane) |
| LAMOURE BUILDING MATERIALS AND SUPPLY, INC., Defendant. | |

FILED
HARRISBURG

APR - 4 2002

MARY E. D'ANDREA, CLERK
Per_____
    DEPUTY CLERK

## MEMORANDUM AND ORDER

Following the Court's disposition of Plaintiffs' motion to remand, briefing was completed on Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). For the reasons that follow, the motion will be granted.

### I.   Background

On June 12, 1999, while Plaintiff[1] and her husband were traveling in a motor home on Interstate 80 in Illinois, they were in an accident with an 18-wheel tractor and trailer driven by Steve A. Risser ("Risser") and owned or leased by Defendant. Compl. ¶¶ 5, 7. Plaintiff asserts she suffered a left scapula fracture with hematoma that required placing her left arm in a sling, blunt chest and abdominal trauma, a cervical strain, and lacerations. Compl. ¶ 13. Plaintiff is asserting charges of negligence against Defendant, and is seeking to recover damages they incurred as a result of the accident.

Defendant is a North Dakota corporation with a principal place of business in North Dakota and minimal contacts with Pennsylvania. Defendant owns or leases two trucks to transport its goods. In 1999, Defendant's trucks drove through Pennsylvania for a total of 838

---

[1] By Order dated January 24, 2002, the Court remanded Clarence Williams' claims to the Dauphin County Court of Common Pleas. Only Doris Williams remains as a Plaintiff here.

miles, a small percentage of the 127,491 miles driven by Defendant's trucks in 1999. In 2000, Defendant's trucks drove 1,544 miles on Pennsylvania roads, and a total of 109,092 miles across the country. The trucks did not make any trips to Pennsylvania in 1999, and made three stops to pick up or deliver goods in Pennsylvania in 2000. However, Defendant asserts that no revenue was generated by these stops. Defendant did not purchase gasoline in Pennsylvania, does not have any offices in Pennsylvania, does not advertise in Pennsylvania. Finally, Defendant does not own any vehicles registered in the Commonwealth of Pennsylvania, and does not employ any drivers licensed by the Commonwealth.

## II.   Discussion

The question for this Court is whether Defendant maintains sufficient minimum contacts with the Commonwealth of Pennsylvania so that the Court may exercise personal jurisdiction over Defendant in this matter. This Court may exercise personal jurisdiction to the extent allowed under the laws of the Commonwealth of Pennsylvania. Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 144 (3d Cir. 1992); Fed. R. Civ. P. 4(e). The Commonwealth explicitly permits personal jurisdiction to be exercised over a non-resident to the fullest extent allowed under the United States Constitution. North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 690 (3d Cir. 1990); 42 Pa. Const. Stat. Ann. §§ 5301, 5322(b).

The Court has specific personal jurisdiction where non-resident defendants have "purposefully directed" activities at a resident of the forum and the injury arises from or is related to those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). The Court has general personal jurisdiction when a defendant has continuous and systematic contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984). See also General Elec. Co. v. Deutz Ag, 270 F.3d 144, 150 (3d Cir. 2001) (discussing

personal jurisdiction). The parties and the Court agree that there is no specific personal jurisdiction over these claims, because they arise out of an automobile accident that occurred in Illinois. However, the parties dispute whether this Court may properly exercise general personal jurisdiction over the Defendant.

"[O]nce the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Carteret Sav. Bank, 954 F.2d at 146. The Court may exercise general personal jurisdiction over Defendant if the Defendant "maintained continuous and substantial forum affiliations." Dollar Sav. Bank v. First Sec. Bank of Utah, N.A., 746 F.2d 208, 212 (3d Cir. 1984). It has long been established "that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there." International Shoe Co. v. State of Washington, 326 U.S. 310, 317 (1945).

Plaintiff argues that the Court has personal jurisdiction over Defendant "because the company carries on a continuous and systematic part of its general business within the Commonwealth of Pennsylvania." Br. in Opp. at p. 5.[2] Plaintiff points to Defendant's use of Pennsylvania roads, and three deliveries to Pennsylvania in 2000 as evidence of "freight hauling activities . . . continuous and substantial enough to permit [this Court] to exercise jurisdiction"

---

[2]Counsel for Plaintiff has also submitted an affidavit to support his position that Defendant's contacts are sufficient to support personal jurisdiction. In the affidavit, Carolyn Hofecker, a secretary at the firm of Plaintiff's counsel, states that she telephoned Defendant's office and was told that Defendant "delivered to Pennsylvania lots of times." It is clear to the Court, as it must be to counsel, that the affidavit is of absolutely no evidentiary value. Under Rule 11, the affidavit alone would not serve as a good faith basis for maintaining the position that the jurisdictional requirements are met.

over Defendant. Bork v. Mills, 329 A.2d 247, 249 (Pa. 1974). In support of this proposition, Plaintiff cites Gulentz v. Fosdick, 466 A.2d 1049 (Pa. Super. Ct. 1983). Gulentz, like the present case, arose out of a vehicle collision that occurred out of the Commonwealth and involved a resident of the Commonwealth and a foreign motor carrier. The Plaintiff sued the motor carrier in a Pennsylvania court. Because 3.7% of the carrier's gross receipts, or $735,000 were attributable to its trucking activities in Pennsylvania, because the carrier's tractors and trailers traveled about 2.6 million miles on Pennsylvania highways, and because the carrier purchased 556,000 gallons of fuel in Pennsylvania, paying $63,238 in fuel taxes, the Superior Court of Pennsylvania found that the carrier engaged in substantial and continuous activities within the Commonwealth and was subject to in personam jurisdiction. 466 A.2d 1049, 1053.

The magnitude of the travel, gasoline purchases, and income derived from business in the Commonwealth by the motor carrier defendant in Gulentz is sharply distinguished from that of the present Defendant. This Court cannot find that the minimal milage driven by Defendant through the Commonwealth, or the small number of deliveries to Pennsylvania, establish substantial and continuous contacts. Rather, these contacts were neither substantial nor continuous. These isolated activities do not subject Defendant to the jurisdiction of this Court. Therefore, this Court will grant Defendant's motion to dismiss for lack of personal jurisdiction.

### III.   Order

**AND NOW,** therefore, **IT IS ORDERED THAT** Defendant's Motion to Dismiss is **GRANTED.** The Clerk of Court shall close the file.

_____
Yvette Kane
United States District Judge

Dated: April 4, 2002.

4